(No. 3025 )

ELVA JENNINGS PENWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 17, 1960.*

JOHN W. PREIHS AND EDWARD BENECKI, Attorneys for Claimant.

WILLIAM L. GUILD, Attorney General; WILLIAM H. SOUTH, Assistant Attorney General, for Respondent.

TOLSON, C. J.

Claimant was injured on Februry 2, 1936 in an accident, which arose out of and in the course of her employment as a Supervisor at the Illinois Soldiers' and. Sailors' Children's School at Normal, Illinois. The injury was serious, causing temporary blindness and general paralysis. The facts are fully detailed in the case of *Penwell* vs. *State of Illinois,* 11 C.C.R. 365, in which an award of $5,500.00 was made to claimant for total permanent disability, $8,215.95 for necessary medical, surgical, and hospital services, expended or incurred to and including October 22, 1940, and an annual life pension of $660.00.

Successive awards have been made by the Court from 1942 to and including October 31, 1959, and the matter is now before the Court for an award to and including April 30, 1960.

The record consists of a verified petition, supported by original receipts, and joint motion of claimant and respondent for leave to waive the filing of briefs and argu ments, which has been allowed.

The petition alleges that claimant is still bedfast, and requires daily medical and nursing care. It further discloses that claimant has incurred expenses in the following amounts:

1. Nursing expenses ........................................................$ 685.87
2. Room and board for practical nurses ........................ 318.50
3. Drugs and supplies ...................................................... 244.42
4. Physicians' services .................................................... 802.00
5. Transportation ............................................................. 75.00
6. Miscellaneous expenses ............................................ 162.78

From the previous record of this case, it appears that the Court has reserved jurisdiction of same from year to year to determine the future needs of claimant for additional care, and it further appears that the amounts involved were necessarily expended for the medical care of claimant.

An award is, therefore, made to claimant for medical and nursing services, and other expenses, from November 1, 1959 to and including April 30, 1960 in the amount of $2,288.57.

The Court reserves jurisdiction for further determination of claimant's need for additional medical care.